## Commonwealth v. Ford Coupé.

*Prohibition enforcement—Claim to share of proceeds of sale of condemned vehicle by innocent owner—Act of March 27, 1923.*

Under section 11 (B) (iii) of the Act of March 27, 1923, P. L. 34, the claim of an alleged innocent owner of a vehicle condemned for use in the illegal transportation of liquor to a share in the proceeds of the sale, is to be determined by the court upon petition by the owner for an order awarding the sum due him; the matter cannot be disposed of by a rule on the sheriff to pay.

Rule to show cause why claim should not be paid out of funds in hands of sheriff. Q. S. Phila. Co., May Sess., 1924, No. 290.

*Albert G. F. Curran*, for petitioner; *Claude L. Roth*, for sheriff.

FERGUSON, J., Oct. 22, 1924.—This is a rule on the sheriff, taken by the Wagner-Taylor Company, to show cause why a balance of rental under a bailment lease should not be paid to petitioner out of the proceeds of the sale of a Ford coupé condemned and ordered sold for violation of the Act of March 27, 1923, P. L. 34. The sheriff returns that he sold the coupé for $300, and, after deducting his costs and fees, there remains in his hands a balance of $275.36.

Section 11 (B') (III) of the Act of 1923 provides that if any vehicle is seized and condemned for unlawful transportation of intoxicating liquor and the legal title is in one who shall prove that, at the time of said use, it was under a bailment lease, that the unlawful use was without his knowledge and consent, and that a certain sum was due for rental under the contract, he shall be paid out of the fund realized by the sheriff the amount found to be due him. No machinery is provided whereby the sheriff may determine the three

essential facts: *(a)* The ownership under a bailment lease; *(b)* the lack of knowledge or consent on the part of the owner of the unlawful use; *(c)* the amount due under the contract. The sheriff cannot decide these questions of fact. The proper practice, under the circumstances, would be for the sheriff to pay the fund into court and for the claimant on the fund to present his petition for an order or decree awarding the balance due him. In such case, it would be necessary for the court to determine the three essential matters above referred to, and if, under the facts and law, the claimant should be found entitled to any sum out of the fund, an appropriate order could be made and the balance paid into the county treasury, as provided by law.

The matter cannot be disposed of by a rule on the sheriff to pay. For these reasons, the rule is discharged.

### Order.

And now, to wit, Oct. 22, 1924, the rule of the Wagner-Taylor Company to show cause why its claim should not be paid out of the fund in the hands of the sheriff is discharged, and such fund, less sheriff's costs and charges, is directed to be paid into court for further action under appropriate proceedings.